Clarence I. JUSTHEIM, Plaintiff,

v.

David L. LADD, Commissioner of Patents, Defendant.

Civ. A. No. 1911–63.

United States District Court
District of Columbia.

Dec. 16, 1964.

George A. Arkwright, Jr., Shlesinger, Shlesinger & Arkwright, Washington, D. C., Philip A. Mallinckrodt, Salt Lake City, Utah, for plaintiff.

Joseph Schimmel, Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action was brought pursuant to 35 U.S.C. § 145 seeking judgment authorizing the defendant, Commissioner of Patents, to grant Letters Patent of the United States containing claim 23 of plaintiff's patent application Serial No. 785,552, filed January 5, 1959, entitled "Distillation of Underground Deposits of Solid Carbonaceous Materials in Situ". The application is a continuation-in-part of plaintiff's prior application Serial No. 537,123, filed September 28, 1955, entitled identically.

The invention relates to a method for recovering the kerogen content of oil shale by applying to the shale, *in situ*, heat at a temperature of at least 2000°F. The high temperature is obtained by the use of a nuclear reactor. Two arrangements are described for applying the heat of the reactor to the shale. In the first, the nuclear reactor is positioned adjacent the deposit, and the high temperature produced in the reactor is transferred to a medium which is circulated directly through heat exchangers positioned in a bore in the deposit. In the second, the reactor itself is located in a bore hole sunk in the deposit, and by appropriate arrangement of fuel, moderators, and hollow control rods, temperatures up to about 6000°F. are said to be attained.

The disclosure of plaintiff's first application, filed in 1955, was the same as the disclosure of the application at suit, except for the feature of embedding the reactor itself in the deposit.

Only one claim is at issue, and it reads as follows:

Claim 23:

"A process of distilling oil shales in situ, comprising generating heat of at least 2000°F. by means of nuclear reaction; fissuring an extraction area within a bed of oil shale in its natural underground location by means of said heat and accompanying pressure; distilling the kerogen content of oil shale within said extraction area, by means of said heat; and extracting distillation products from said area."

The claim was rejected in the Patent Office on three grounds: first, as based upon an insufficient disclosure; second, as unpatentable over a United States Patent to Ljungstrom, and third, as unpatentable over a French patent (No. 1,-147,517) of June 11, 1957. The defendant relied upon these same grounds for rejection at trial.

The Ljungstrom patent, No. 2,732,195, granted January 24, 1956, describes a method for recovering oil from shale in which an electric heater transmits heat to the shale through channels bored into the deposit. The heater produces temperatures between 500 and 1000°C., and the products distilled are recovered through other channels spaced from the channels carrying the heaters.

The French patent, No. 1,147,517, of June 11, 1957, describes a method of working deposits of coal, lignite, or other bituminous materials, by placing a charge of atomic fissionable material directly in the deposit. The heat of fission, producing temperatures up to 1200°C., is sufficient to distill, carbonize, or coke the material.

■ The first ground of rejection is based upon the language of 35 U.S.C. § 112, which requires that the "specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art * * to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention." In order to gain the benefit of the 1955 filing date under 35 U.S.C. § 120, the plaintiff must meet this requirement of Section 112. In his 1955 disclosure, plaintiff described the reactor only by means of a rectangular box shown in his drawing. The Patent Office held this to be insufficient. At trial, plaintiff pointed to two United States patents to show that in 1955 nuclear reactors were known which would have provided the heat required for plaintiff's purpose. The patents cited were to Thomson et al., No.

2,992,981, and Wollan, No. 2,990,348. The Thomson et al. application, filed October 29, 1953, and patented July 18, 1961, disclosed in detail a nuclear reactor described as operating at a temperature of 2500°F. The Wollan application, filed May 26, 1950, and issued June 27, 1961, disclosed, according to plaintiff, a method and operation for producing power wherein a peak temperature of 2000°F. was employed.

■ The Patent Office responded by showing that the coolant used in the Thomson et al. patent operated at a much lower temperature than 2000°F. even though the temperature of the nuclear *fuel* was 2500°F. It also demonstrated that the Wollan coolant, by its nature, was incapable of having temperatures of 2000°F.

From this evidence, the Court cannot say plaintiff showed the Patent Office to be clearly wrong in its finding that the disclosure in 1955 failed to comply with the requirements of 35 U.S.C. § 120.

Since the plaintiff is not entitled to the benefit of the 1955 filing date, both the French patent and the Ljungstrom patent became available as references for the purpose of determining whether or not the plaintiff's invention would have been obvious to one skilled in the art at the time it was made.

As previousy noted, the Ljungstrom patent discloses heating oil shale *in situ* with temperatures up to 1832°F. The essential difference between this temperature and the plaintiff's claim, therefore, is a matter of 168°F.

■ The plaintiff presented at trial two expert witnesses, both of whom testified that a "remarkable difference" was observed between the results obtained from using the lower temperature (1832°F.) and from using plaintiff's temperature of 2000°F. The Patent Office, upon cross-examination, elicited from these experts an admission that it might be expected that as the temperature to which the shale is subjected is increased, the increased fissuring effect observed by plaintiff would follow.

The French patent discloses heating oil-bearing material to 1200°C. (2192°F.) to distill out the oil, and suggests the use of a nuclear reactor to produce the necessary temperature. Hence, the broad concept of heating oil-bearing materials at a temperature above 2000°F. was known to the art at the time plaintiff made his contribution.

In view of the closeness of the subject matter known in the prior art to that claimed by the plaintiff, and in the absence of any evidence conclusively showing this difference to be unobvious, the Court cannot say that the Patent Office was clearly wrong in rejecting the claim. Accordingly, the Court finds for the defendant and against the plaintiff, and will dismiss the Complaint.

The above Opinion contains Findings of Fact and Conclusions of Law.